IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | |
|---|---|
| MICHAEL P. DUNSMORE, ) | Cause No. CV 10-36-H-DWM-RKS |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | FINDINGS AND |
| ) | RECOMMENDATIONS |
| MIKE MAHONEY; B.O.P.P.; ) | OF U.S. MAGISTRATE JUDGE |
| STATE OF MONTANA, ) | |
| ) | |
| Respondents. ) | |

_____

On July 6, 2010, Petitioner Michael Dunsmore moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is a state prisoner proceeding pro se.

### I. Motion to Proceed In Forma Pauperis

After reviewing Petitioner's account statement, he has sufficiently

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 1

shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

## II. Preliminary Screening

On March 17, 2009, Petitioner filed his first habeas petition challenging his conviction for failure to register as a sex offender under Montana law in Flathead County Cause No. DC 06-428. Dunsmore v. Law, No. CV 09-41-M-DWM-JCL (D. Mont. filed Mar. 24, 2009). On July 14, 2009, the petition and a certificate of appealability were denied. Order (doc. 13) at 6, Dunsmore, No. CV 09-41-M; see also Order Granting Mot. for Clarification (doc. 25) at 2-3, Dunsmore, No. CV 09-41-M. Judgment was entered on July 15, 2009. Petitioner's appeal is pending in the Ninth Circuit under Cause No. 09-36022 (9th Cir. filed Nov. 18, 2009).

In the instant petition, Petitioner seeks immediate release and expungement of the charges against him in Flathead County Cause Nos. DC 06-428 and DC 06-401. Pet. (doc. 1) at 8. He renews his allegations that he is not required to register as a sex offender. Id. at 4. He also appears to challenge a July 2007 decision by the Parole Board. Id. at 9.

Because adjudication of the first habeas petition is not complete, the

instant petition is not "second or successive" within the meaning of 28 U.S.C. § 2244(b). It must be construed as a motion to amend the original petition. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (adopting reasoning of Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002)). Nonetheless, Petitioner's filing of a notice of appeal divested this Court of jurisdiction to consider any further submissions from him with respect to his original petition. Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004) (citing Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir. 1992) (en banc), and Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984)). All claims in the instant petition, construed as a motion to amend the original petition, should be dismissed for lack of jurisdiction.

Some claims in the instant petition appear to be "new" claims that could not have been brought in the first petition. They too would not be "second or successive," Hill v. Alaska, 297 F.3d 895, 898 (9th Cir. 2002), but, viewed in light of the record, they are not bona fide claims. First, Petitioner states that the charge in Flathead County Cause No. DC 06-401 has not been dismissed "with prejudice." Pet. at 8. As part of the Plea Agreement in the failure-to-register case, No. DC 06-428, an incest charge

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 3

in DC 06-401 was to be "dismissed" – not "dismissed with prejudice" – provided Petitioner "remain[ed] law-abiding in all respects" for three years. Pet. Ex. 1 (doc. 1-1) at 5, 7 (Deferred Prosecution Agreement dated June 15, 2007); see also Plea Agreement and Acknowledgment of Rights at 4, State v. Dunsmore, Nos. DC-06-428A and DC-06-401B (Mont. 11th Jud. Dist. Mar. 29, 2007), available in Pet. Exhibits (doc. 1), Dunsmore, No. CV 09-41-M.[1] The three-year term did not expire until June 15, 2010. But, in fact, the incest charge was dismissed on June 19, 2007, four days after Petitioner signed the Deferred Prosecution Agreement in No. DC 06-401. Order of Dismissal at 1, Dunsmore, No. DC-06-401B, available in Pet. Exhibits, Dunsmore, No. CV 09-41-M. The order speaks for itself. Petitioner's claim is frivolous.

Second, Petitioner points to some statements and actions by the Montana Supreme Court that occurred after his first petition was denied in this Court. That the Montana Supreme Court said Petitioner faced two incest charges when only one was filed against him, Pet. at 1, 5, does not

---

[1] The petition exhibits filed in No. CV 09-41-M were deemed too voluminous to be scanned into the electronic record. They are retained in paper form by the Clerk of Court.

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 4

violate federal law. Further, Montana law provides specific procedural vehicles to challenge convictions and facially invalid sentences. Petitioner does not have the privilege, id. at 2, of choosing any vehicle he can think of, and a federal court has no authority to dictate to the Montana Supreme Court how to construe Petitioner's ongoing series of filings. All of Petitioner's claims berating the Montana Supreme Court are frivolous. Though the underlying facts may have occurred after this Court's ruling on Petitioner's first habeas petition, Petitioner alleges no violation of federal law. Consequently, there is no basis for federal habeas jurisdiction. 28 U.S.C. § 2254(a).

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings; 28 U.S.C. § 2253(c)(2). Where the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was

correct in its procedural ruling." Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The instant petition is merely a reiteration of Petitioner's arguments in his first petition. The district court plainly cannot consider it because his first petition is pending on appeal and this Court does not have jurisdiction. Those claims which appear to be new are frivolous, either because they misrepresent the record or because they do not give rise to federal habeas jurisdiction.

Petitioner's challenges to his conviction for failure to register as a sex offender have already been painstakingly considered and rejected. Findings and Recommendation (doc. 9) at 2-21, Dunsmore, No. CV 09-41-M; Order (doc. 13) at 2-6, Dunsmore, No. CV 09-41-M. If Petitioner disagrees with the resolution, his remedy lies in the Court of Appeals, where his first petition is still pending, not in serial petitions directed to this Court. There is no reason to encourage further proceedings in this case or in this Court. A COA should be denied.

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 6

Based on the foregoing, the Court enters the following:

## ORDER

The motion to proceed in forma pauperis (doc. 2) is GRANTED.

The Court also enters the following:

## RECOMMENDATIONS

1. The Petition (doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 7

objections may bar a de novo determination by the district judge.

<u>Petitioner must immediately notify the Court of any change in his mailing address</u>.  Failure to do so may result in dismissal of his case without notice to him.

DATED this 15th day of July, 2010.

           */s/ Keith Strong*
           Keith Strong
           United States Magistrate Judge