

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| MICHAEL DUNSMORE, | ) | CV 10-36-H-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, et al. | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Michael Dunsmore filed this action for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. He is a state prisoner proceeding pro se. United

States Magistrate Judge Keith Strong entered Findings and Recommendation on

July 15, 2010. He recommended dismissing Dunsmore's petition for lack of

jurisdiction. Petitioner timely objected on July 21, 2010. Therefore, Petitioner is

entitled to <u>de novo</u> review of those portions of the Findings and Recommendation

-1-

to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Because I agree with Judge Strong's analysis and conclusions, I adopt his Findings and Recommendation in full. Petitioner is familiar with the factual background of this case, so it will not be restated here.

Judge Strong found the majority of Dunsmore's claims relate to his prior habeas petition, a case which is still pending on appeal. Because adjudication of that case is not complete, any additional information or allegations relating to the first petition must be construed as a motion to amend the original petition. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). However, because the case is on appeal, this Court has no jurisdiction to consider anything relating to the first petition. Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004). Therefore, Judge Strong concluded claims relating to Dunsmore's first petition must be dismissed for lack of jurisdiction. Dunsmore objects to Judge Strong's findings, claiming he has offered new evidence in support of his claims. However, as Judge Strong correctly found, the Court has no jurisdiction over any submissions relating to the first habeas petition. Dunsmore has offered nothing to show the

-2-

Court can exercise jurisdiction to review allegedly new evidence that relates to the earlier habeas petition.

Judge Strong also found that the remaining claims in Dunsmore's petition should be dismissed. First, Judge Strong recommended dismissing Dunsmore's claim that the state was required to dismiss a charge against him with prejudice, based on the parties' plea agreement. Judge Strong found that the agreement required only that a charge in another pending case be "dismissed," not dismissed with prejudice, and this claim is thus frivolous. See Pet.'s Ex. 1 at 5 (dkt #1-1). Dunsmore objects to this finding, repeating his arguments that the claim was to be dismissed with prejudice. The plea agreement speaks for itself: it required only that the charge in a related case be dismissed. Dunsmore's claim has no merit.

Judge Strong also recommended dismissing Dunsmore's claims that criticize the Montana Supreme Court's handling of Dunsmore's state filings. As Judge Strong noted, both Montana law and federal law provide specific procedural avenues for challenging convictions and sentences, and this Court has no authority to direct the Montana Supreme Court to handle Dunsmore's filings in a particular manner. Dunsmore again repeats his blanket assertions that the Montana state courts have violated the law in their handling of his state filings. Dunsmore offers no specifics that could give rise to a claim for federal habeas relief.

-3-

Dunsmore spends the majority of his objections alleging that Judge Strong is biased and has misconstrued the factual record. There is no basis whatsoever for these allegations, and Dunsmore's objections do not undermine Judge Strong's reasoning. I find no clear error in Judge Strong's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt #4) are adopted in full. The Petition (dkt # 1) is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk of Court is direct to enter, by separate document, a judgment of dismissal.

Dated this  5  day of August, 2010.

Donald W. Molloy, District Judge
United States District Court

-4-